*O’Neall, J.
The rule seems to be where a bill is filed for discovery and relief, in a case where the discovery is the only ground of Equity jurisdiction, that the party must file with his bill, an affidavit of the truth of the statements contained in it. In such a case, “ the affidavit must state that the deeds or writings of which the plaintiff seeks a discovery, are not in the custody or power of the plaintiff, and that he knows not where they are, unless they are in the hands of the defendant.” “ But where a bill is for discovery merely,” no affidavit is necessary, Coop. Plead. 61. In this case the bill was filed for the discovery of facts in the knowledge of the defendants alone, as ancillary to the party’s remedy at law, and not for any relief beyond it. In such a case no affidavit was necessary. But if it had been, the defendants could only have availed themselves of the want of it by demurrer. After answering, it was too late to raise the objection.
The general practice of the Courts of Chancery, is to require'the plain-tiff in a bill for discovery merely, to pay the costs. But in the case of Weymouth v. Boyer, 1 Ves. Jun. 423, Mr Justice Buller sitting for the Lord Chancellor, suggested a reasonable and proper exception to the general rule. He said, “ as to the costs, I am aware that it is the practice of this Court, that if a plaintiff comes for a discovery, when he has it, he shall pay the costs ; but I think the rule as expressed is too general, and if ever a case arises when I sit here, under circumstance which I think a proper ground for withholding the costs, I shall put the parties to reconsider the question. By a proper case, I mean this — if the plaintiff is entitled to the discovery, and goes first to the defendant to ask for the accounts he has in justice a right to ; if the defendant refuses, and the plaintiff is thereby compelled to come here for the discovery, I would not give the defendant costs, If, on the other hand, the plaintiff thinks fit to file his bill without trying first to get the discovery in that way in which men acting with each other ought first to ask their rights, I think he ought to pay the costs.” This exception, reasonable as it appears to be, has not received the settled sanction of the English Court of Chancery ; for Cooper in his treatise on Equity pleading, 61, speaks of the exception as a mere dictum. *In this State, I know no case in which any rule has been settled by the Court of Appeals, as to the costs of a bill of discovery. Costs in the Court of Equity are generally regarded as so much a matter of discretion, that it is rarely the Circuit decision is disturbed. In the case of Whitney & Parsons v. R. T. & John S. Cates, *28 Chancellor Thompson, on its appearing that the defendants had refused to make any discovery before the bill was filed, and when their answer admitted all the allegations of the bill charging a gross fraud, gave the complainants their costs. That was, however, an extraordinary case, and ought not perhaps to constitute a precedent for a departure from the general rule.
Rogers, for the appellant.
Williams, contra.
I am, however, prepared to adopt the exception of Mr. Justice Buller. For it is an outrage upon justice, to say that he who compels another to come into this Court, should saddle him with his costs. On the other hand, it is perhaps wise not to afford encouragement to bills for discovery merely, by giving costs to the plaintiff. It might be the means, were the rule otherwise than it is, to bring many needless bills of this kind into the Court. As I have before said, costs are generally within the discretion of the Chancellor ; but where there is a fixed rule on the subject, it must be conformed to. In the case before us, the complainant did require from the defendant, Sutton, but not from the other defendant, Black, the discovery, before filing his bill; and under the exception which I have just stated, each party should have paid his own costs, except the costs of the defendant Black ; his costs ought to be paid by the complainant, and the Circuit decree is accordingly so modified.
JohnsoN and Harper, Js., concurred.